Yes, your honor. Thank you. John Ballas on behalf of Edward Fuentes. Mr. Fuentes moved to reduce his sentence on two grounds. First, under 18 U.S.C. Section 3582 C.2 and Guideline Amendment 782, and then as well as under 3581 C.1a due to the spread of COVID-19 in F.C.I. Oakdale on the grounds that that constitutes extraordinary and compelling reasons. The District Court denied the first ground on the merits and denied the second ground on the basis that it lacked authority to grant the motion because Mr. Fuentes had failed to comply with the exhaustion requirements in the statute and failed to show extraordinary and compelling reasons for a sentence reduction. So, what do we do with the failure to exhaust? Because isn't that determinative here that if he doesn't exhaust, we can't hear the case? Well, in my reply brief, I acknowledge that the court has so ruled in McGregor that the is a mandatory non-waivable claim. And in the circumstances of this case, we're asking the court to follow McGregor. Mr. Fuentes has now exhausted his claim. We're asking the court to follow the approach in McGregor, which was to remand for dismissal of the claim without prejudice so he can renew it. And given the length of time that's passed since his initial motion, I think that makes the most sense. The circumstances have changed both at Oakdale and with Mr. Fuentes' situation. The first ground, because the court denied it on the merits, I think the court should either affirm or deny the motion. But on the second ground, should dismiss it without prejudice. In my reply brief, we also noted that the remaining question is whether the district court erred in ruling that the sentencing guideline 1B1.13, the definitions in the application note 1, the district court rule was binding. We believe the district court erred for that, erred on that ground. This is a reoccurring issue, and the court may consider in remanding to the district court to give some guidance and instruction. There has now been, the court did not have the benefit of now four circuit court opinions that have all ruled that 1B1.13 is, the definitions are not binding because it was enacted before the First Step Act was passed, which gives a couple specific grounds that would constitute extraordinary and compelling reasons under the statute. And then it gives a catch-all, but the catch-all is any extraordinary and compelling reasons as determined by the district director of the Bureau of Prisons. But now after the First Step Act, a motion for compassionate release could be filed either by a defendant or the director of the Bureau of Prisons. So the application note does not apply. And given that, when you say, so you're, you're asking us to remand, do what we did in McGregor, remand for dismissal without prejudice. And that's because you think the conditions have your client would be a more, he'd have a better causative act or a better claim under 1B1.13, is that? Yes, essentially that so much time has gone by. If the court would be the remand to the district court, we would need further briefing on the change of conditions, Mr. Fuente's circumstances. And I think that rather than, rather than argue that there is some exception to the mandatory exhaustion rule that should apply here, I think at least in our case, it would make sense just to follow the McGregor approach and dismiss without prejudice to allow him to renew it in the district court. On the first question where the district court denied the renewed motion, that's reviewed for abuse of discretion, right? That's correct. And is there any, there's no, is there any statutory hook that the district court is bound by? It seems like this is a matter that's entirely within the district court's discretion to begin with. Well, yes. I mean, the Supreme Court has given a two-step approach in Dillon that the first step is to determine whether the defendant qualifies. And here it's understood that he does qualify, that the due to guideline amendment 782, which generally reduced the drug offense levels by two levels. The second step is to apply the 3553A factors and determine whether a sentence reduction is warranted under all the circumstances. We renewed our motion because there was significant changes since Judge Shove denied the motion in 2017. First, I mean, the spread of COVID-19 into FCI Oakdale that was not being handled well by the prison and resulted in seven deaths, as well as we presented a release plan where Mr. Fuentes would move from Merced, California area, which led to his trouble in the first place, to Texas, which would get him away from his old contacts and situation, and he could reside with his parents. And further, additional time has gone by. So he has now done the equivalent of approximately 15 year, 15 year plus sentence, so that it is, I think, more fully by the purposes of sentencing. And unless there's further questions, I would reserve the remaining time for rebuttal. Thank you. Mr. Hitt? Good morning, Your Honors. Jason Hitt on behalf of the United States. As this court, as Judge Nelson mentioned, I think the issue on 3582C1A, that is the compassionate release statute, is essentially over under the exhaustion requirement based under McGregor. Can I ask a question about that, though? Is that a jurisdictional hurdle? Or, I mean, we just couldn't consider it at all? Or is it non-jurisdictional? The government argued it was jurisdictional, but we've changed that position to say it's a claims processing rule. And I think whatever the government has argued, we preserved it. And what this court said in McGregor is fairly unequivocal, and I'll read from the opinion. Courts do not have discretion to waive 3582C1A's mandatory exhaustion requirement. The court doesn't call it jurisdictional, and I think it can be forfeited under the structure of McGregor, but that hasn't occurred in this case. So jurisdictional, as I understand it, can't be waived. The court can correspond to a fine lack of jurisdiction and has a review of the You haven't waived it, have you? No, Your Honor. I was responding to Judge Nelson's question. Well, I'm just wondering whether we need to clarify this about whether it's jurisdictional or not. Well, when we talk about jurisdictional, I get confused because we use the phrase in so exhaust. But the government doesn't raise that. In the trial court, can the government raise it in the appellate court? Other circuits have said no, and McGregor doesn't have to address it because the district court, and one reason I would argue that it shouldn't be remanded consistent with McGregor, the district court in McGregor ruled and found that the defendant had effectively exhausted its remedies even though it hadn't. Here, this district court properly ruled and anticipated McGregor. So there's no reason to remand. The district court got it right, whereas the district court in McGregor did not get it right and had essentially missed on that issue. So I don't think there's any reason to remand and it's consistent with McGregor to find that the concession of lack of exhaustion by Fuentes is dispositive here. And just briefly touching on the 3582C2, the drug amendment denial, Judge Nelson asked about abuse of discretion. I think that's exactly right under Cheney. And I would add that I think there's a problem with Fuentes' argument as a legal matter that changes in his circumstances are grounds for relief under 3582C2 because that is a very limited basis under Dillon for a resentencing, and that's specific to a guideline range being reduced by the commission. And the only basis, because this court had already affirmed the district court's denial of a drug amendment motion for Fuentes, the only basis are grounds not recognized by 3582C2. That is, he was transferred to a lower prison designation and COVID. So I don't think that those are even cognizable grounds to grant relief. And in any event, the district court properly weighed the 3553 factors in denying, again, the 3582C2 or drug amendment motion. And then finally, just if the court were inclined to reach the 1B1.13 issue, it was raised for the first time in the reply brief based on all the subsequent developments. But I think in this case, first, you don't have to reach there because of the exhaustion issue. But even if you did, there's nothing in this opinion that suggests the problem that existed in Brooker and some of the other cases that were addressed in other circuits. And that is this court expressly recognized its authority to grant Fuentes' motion for extraordinary, compelling reasons. Even in his reply brief, there's a very general and vague assertion of relevant circumstances outside of the general COVID outbreak. And I don't think that would persuade this district court and it already hasn't. In other cases like Brooker and Gunn, you had district courts that felt they were precluded from granting relief because the BOP director had not filed the motion. That was not the case here. And the text of the judge's order is clear that it understood it had authority to do so, but it was not persuaded by Mr. Fuentes' presentation. So I'm prepared to submit unless the court has specific questions for me beyond that. I don't think there's any further questions. So we take your argument. Thank you. Thank you, Your Honor. Mr. Ballas, you may give rebuttal. Thank you, Your Honor. There's three points I'd like to make. First, on the 3582C2 argument, this court in Trujillo, which is cited in my briefs, makes clear that a defendant can bring a second or renewed motion based on changed circumstances. On the 3582C1 argument, first, the argument about the 1B1.13 not applying was not raised for the first time in the reply brief. It was raised in the opening brief. What is new is that there's been some new case law that was first cited in the reply brief and also cited in a 28J letter that I filed two days ago. And my last point would be that I think that this case, though it may not make a practical difference, the court should follow the McGregor approach because in both McGregor as well as this case, the district court denied the compassionate release motion. In McGregor, the court then, because the exhaustion rule is mandatory, dismissed the petition. And in our case, I think because we're accepting that ruling, the court should also dismiss it without prejudice. Thank you. Thank you, counsel. I thank both counsel for their arguments in this case, and the case is now submitted.
judges: Schroeder, Bybee, Nelson